UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT LAWRENCE FEE,

                             Plaintiff,

                                                              DECISION AND ORDER

                                                               11-CV-6625L

                          v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                             Defendant.
_____

      Pending before the Court is a motion brought on behalf of plaintiff, a prevailing party in this action for Social Security benefits, by his counsel, Howard D. Olinsky. Counsel seeks an order on behalf of his aptly-named client, awarding attorneys fees and costs in the amount of $8,424.19 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (Dkt. #13).

      The Commissioner opposes plaintiff's motion, on the grounds that the request is excessive. I agree. After considering all of the relevant factors I find that there should be a reduction of the fee award.

      Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. §2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. §2412(d)(2)(A). The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998). In assessing reasonableness, the Court examines

the circumstances surrounding the case, including whether it presented novel issues or law or a complex set of facts. *Scott v. Astrue*, 474 F. Supp. 2d 465, 466 (W.D.N.Y. 20007).

The Second Circuit has explained with regard to attorney fee calculations that,

> [i]n [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "*Johnson*" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id*. at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." Id. at 112, 118.

*Simmons v. N.Y. Trans. Auth*., 575 F.3d 170, 174 (2d Cir. 2009).

The Commissioner does not challenge the hourly rates of $185.04 for 2011, $187.87 per hour for 2012, and $195.85 for work performed in 2013 that plaintiff's counsel seeks to charge, and I find that those rates, which have been adjusted for inflation, are reasonable. See 28 U.S.C. § 2412(d)(2)(A). *See generally Barbour v. Colvin*, 2013 U.S. Dist. LEXIS 104425 at *2 (E.D.N.Y. 2013) (approving attorneys fees of $192.39 per hour); *Rocchio v. Commissioner*, 2012 U.S. Dist. LEXIS 111720 at *10 (S.D.N.Y. 2012) (hourly rates between $177.80 and $184.90 per hour are reasonable); *Thorne v. Astrue*, 2012 U.S. Dist. LEXIS 97 at *11 (W.D.N.Y. 2012) (approving rate of $170 per hour). The Commissioner does challenge the time spent by counsel to prosecute the action.

The Court has broad discretion to determine the amount of time reasonably expended. *Aston v. Secretary of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir.1986). Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. *See e.g., Cruz v. Apfel*, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater*, 1997 WL 12806 at *1 (S.D.N.Y. 1997). Where the facts of a specific case warrant it, courts do not hesitate

to award fees in excess of the routine twenty to forty hours. *See Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); *Kania v. Shalala*, 1995 WL 307604 (W.D.N.Y. 1995) (awarding fees for 51.9 hours of attorney time spent on matter presenting complicated medical issues).

Plaintiff's counsel in this case billed a total of 43.4 hours of attorney time, the bulk of which was spent reviewing the record and preparing memoranda of law. Only 2.5 hours were billed with regard to preparation of the instant fee application. The Court has considered the history of this case, which included the preparation and filing of the complaint, review of the medical record and research and preparation of a motion for judgment on the pleadings. Well over 24 hours were billed for the preparation of the memorandum of law which while thorough, presented no unique or novel issues, and the plaintiff's reply memorandum, which was largely a repetition of the arguments made in plaintiff's initial memorandum. As such, I find that the hours expended by plaintiff's counsel in connection with the motion for judgment on the pleadings, all of which took place in 2012, are excessive. I therefore reduce the hours for which plaintiff's counsel may be compensated during that year from 36.7 to 24.7. Multiplying the reasonable hours expended by counsel by the reasonable hourly rate, counsel is entitled to $647.64 for his work in 2011, $4,640,39 for his work in 2012, and $626.72 for his work in 2013. The EAJA attorney's fee award therefore totals $5,914.75, plus administrative fees of $240.00 and costs of $15.00, for a total of $6,169.75.

## CONCLUSION

Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 (Dkt. #13) is granted in part, and plaintiff's counsel is entitled to fees and costs in the amount of $6,169.75. Pursuant to the Supreme Court's directives in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the award is to be made payable to plaintiff. Subject to the provisions of the Debt Collection Improvement Act and any other relevant provisions of federal and state law, plaintiff is ordered to

remit whatever attorney fees are owed to his attorney, pursuant to the provisions of any existing fee agreement.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 17, 2013.